IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHANEY TRUCKING & DEVELOPMENT, INC. *Plaintiff* | § § § § § | |
| VERSUS | § § § | CIVIL ACTION NO.: _____ |
| ASSET GROUP, INC. and GREAT AMERICAN INSURANCE GROUP *Defendants* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Chaney Trucking & Development, Inc., files this Original Complaint under the Miller Act, 40 U.S.C. § 3131, et seq., and respectfully states as follows:

### PARTIES AND SERVICE

1.

Plaintiff, Chaney Trucking & Development, Inc. (hereinafter "Chaney"), whose address is 1662 Miller St., Lake Charles, LA 70611 brings this action.

2.

Made defendants herein are:

a. **ASSET Group, Inc.,** (hereinafter "Asset"), is a foreign for profit corporation from California registered to do business in Oklahoma. Defendant Asset may be served through its registered agent, Sally A. Hasenfratz, 101 N. Robinson, Corporate Tower, Thirteenth Floor, Oklahoma City, Oklahoma 73102.

b.  **GREAT AMERICAN INSURANCE GROUP,** (hereinafter "Great American"), is a foreign insurer organized and existing under the laws of the State of Ohio and authorized to do and doing business in the State of Louisiana, who may be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133 as this matter involves a federal question. This Court has supplemental jurisdiction over the state laws alleged in this complaint pursuant to 28 U.S.C. § 1367.

4.

Venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b), as the subject Subcontract, as defined below, was executed in this District and a portion of the work was performed in this District.

## BACKGROUND

5.

On or about August 5, 2011 Asset contracted with the United States Army Corps of Engineers ("USACE") on a construction project for a school age center to be performed in Leesville, Louisiana, Contract No. C11-0115.02 (the "Ft. Polk Project").

6.

Great American issued the requisite Miller Act payment bond numbered CA4035454.

7.

On or about February 8, 2012, Asset contracted with Chaney to provide labor, material, equipment, and services for the Ft. Polk Project (the "Ft. Polk Project Subcontract"). A true and correct copy of the Ft. Polk Project Subcontract between Chaney and Asset is attached hereto as "**DOCUMENT 1-1**".

8.

Pursuant to Article 20(d) Defendant Asset was to pay Plaintiff "within Fifteen (15) days" of its receipt of payment from the USACE. Defendant was chronically late on payments due Plaintiff. Plaintiff had to make repeated demands for payments.

9.

Plaintiff submitted, by commercial carrier FedEx, a Miller Act Notice to Great West to make a claim on Defendant's bond on or about December 17, 2015, for the unpaid balance of FIFTY-SEVEN THOUSAND NINE HUNDRED THIRTY FOUR AND 65/100 DOLLARS ($57,934.65). A true and correct copy of this document is attached hereto and incorporated herein as "**DOCUMENT 1-2**".

10.

The Miller Act Notice was thereafter supplemented, by commercial carrier FedEx, with documents showing that Chaney last furnished work, services, equipment and materials to the Ft. Polk Project on June 16, 2015. A true and correct copy of these documents are attached hereto and incorporated herein as "**DOCUMENT 1-3**".

11.

Despite demand, neither Asset nor Great West has paid Chaney the balance due.

## COUNT I - STATE LAW CLAIM FOR BREACH OF CONTRACT

12.

Chaney adopts, realleges and incorporates the preceding allegations of Paragraphs 1 through 11 as if copied herein *in verbatim* and *in extenso.*

13.

Chaney and Asset formed a contract when they executed the Subcontract Agreement on February 8, 2012.

14.

Asset breached the Subcontract Agreement by failing to timely pay Chaney for services rendered.

15.

As a result of the breach of the Subcontract Agreement, Defendant Asset is liable to Chaney for damages, penalties, and reasonable attorney's fees.

16.

As a result of Asset's breach of the Subcontract Agreement, Chaney suffered the following damages:

a. Actual damages in the amount of $57,934.65;

b. Pre-judgment and post-judgment interest;

c. Reasonable attorney fees;

d. Costs of filing the immediate suit; and

e. All other relief the Court deems appropriate.

## **COUNT II – MILLER ACT AND FAILURE OF A SURETY TO PAY**

17.

Chaney adopts, realleges and incorporates the preceding allegations of Paragraphs 1 through 16 as if copied herein *in verbatim* and *in extenso*.

18.

Pursuant to the Bond, Defendant Great American bound itself as surety for the payment of all amounts due to Chaney for furnishing work, services, equipment and materials in connection with the Ft. Polk Project.

19.

Therefore, Great American is obligated to pay Chaney for the work, services, equipment and materials furnished to Asset in connection with the Ft. Polk Project.

20.

Chaney last furnished work, services, equipment and materials to the Ft. Polk Project on June 16, 2015. Therefore, this action is timely pursuant to the Miller Act, 40 U.S.C. § 3131, et seq.

21.

Therefore, Chaney is entitled, pursuant to Miller Act, 40 U.S.C. § 3131, et seq., to payment from Great American for the work, services, equipment and materials furnished by Chaney to Asset on the Ft. Polk Project, in the remaining balance due and such other amounts as will be shown at the trial of this matter.

## ATTORNEY'S FEES, COSTS, AND PENALTIES

22.

Chaney adopts, realleges and incorporates the preceding allegations of Paragraphs 1 through 21 as if copied herein *in verbatim* and *in extenso*.

23.

In accordance with Louisiana law, including Louisiana Revised Statutes 9:3902, Chaney is entitled to ten percent (10%) attorney's fees from Defendant Great American for the collection of the amount due and owing.

24.

In accordance with Louisiana law, including Louisiana Revised Statutes 9:2784, Chaney is entitled to reasonable attorney's fees from Defendant Asset for the collection of the amount due and owing.

25.

In accordance with Louisiana law, including Louisiana Revised Statutes 9:2784, Chaney is also entitled to "a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner." LSA-R.S. 9:2784(C). (Emphasis added).

## JURY DEMAND

26.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Chaney Trucking & Development, Inc., respectfully requests a trial by jury on all matters.

\* \* \* \* \* \* \* \* \* \*

**WHEREFORE**, Plaintiff, Chaney Trucking & Development, Inc., respectfully prays:

1. That the Defendants be cited to appear and answer herein;

2. That these matters be tried by a jury;

3. That Judgment be entered for Plaintiff and against the Defendants, individually, jointly, severally, and/or in solido, for the damages as stated above and to be proven at trial, plus interest, attorney's fees, costs, and penalties; and

4. For any and all further relief to which Chaney may be deemed entitled.

Respectfully submitted,

**PLAUCHÉ, SMITH & NIESET**
(A Limited Liability Company)

By: /s/ V. Ed McGuire, III
**V. ED MCGUIRE, III** (#23861)
**KYLE M. BEASLEY** (#36371)
1123 Pithon Street
P.O. Drawer 1705
Lake Charles, LA 70602
(337) 436-0522
*Counsel for **Chaney Trucking & Development, Inc.***